| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | HARRIS M. MUFSON (*pro hac vice forthcoming*)<br>   hmufson@gibsondunn.com |
| 3 | 200 Park Avenue<br>New York, NY 10166-0193 |
| 4 | Telephone:  212.351.4000<br>Facsimile:   212.351.4035 |
| 5 | JESSE A. CRIPPS, SBN 222285 |
| 6 |    jcripps@gibsondunn.com<br>MEGAN M. LAWSON, SBN 294397 |
| 7 |    mlawson@gibsondunn.com<br>COURTNEY M. JOHNSON, SBN 324331 |
| 8 |    cjohnson2@gibsondunn.com<br>333 South Grand Avenue |
| 9 | Los Angeles, CA  90071-3197<br>Telephone:  213.229.7000<br>Facsimile:   213.229.7520 |

Attorneys for Defendant HARRY WINSTON, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM FOX,<br><br>                Plaintiff,<br><br>         v.<br><br>HARRY WINSTON, INC.; and DOES 1 to 100, inclusive,<br><br>                Defendants. | CASE NO. _____<br><br>**DEFENDANT HARRY WINSTON, INC.'S NOTICE OF REMOVAL**<br><br>(Orange County Superior Court Case No. 30-2022-01244071-CU-WT-CJC) |

**TABLE OF CONTENTS**

Page

I. TIMELINESS OF REMOVAL ................................................................................ 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ........... 1

    A. There Is Complete Diversity of Citizenship ................................................ 2

        1. Plaintiff Is a Citizen of California ..................................................... 2

        2. Harry Winston Is a Citizen of New York ......................................... 2

    B. The Amount in Controversy Exceeds $75,000 ........................................... 3

III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER .................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adkins v. J.B. Hunt Transp., Inc.*,
   293 F. Supp. 3d 1140 (E.D. Cal. 2018) ........................................................... 5

*Amado v. US Bancorp*,
   2015 WL 5618877 (C.D. Cal. Sept. 24, 2015) ............................................... 7

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
   2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) .................................................. 4

*Ayala v. Cox Auto., Inc.*,
   2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) .................................................. 2

*Bayol v. Zipcar, Inc.*,
   2015 WL 4931756 (N.D. Cal. Aug. 18, 2015) ................................................ 7

*Campbell v. Vitran Exp., Inc.*,
   471 F. App'x 646 (9th Cir. 2012) .................................................................... 4

*Canales v. Performance Food Grp., Inc.*,
   2017 WL 5905498 (C.D. Cal. Nov. 30, 2017) ............................................ 5, 6

*Castillo v. ABM Indus. Inc.*,
   2017 WL 5609791 (C.D. Cal. Nov. 20, 2017) ................................................ 8

*Chambers v. Penske Truck Leasing Corp.*,
   2011 WL 1459155 (E.D. Cal. 2011) ................................................................ 5

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
   899 F.3d 785 (9th Cir. 2018) ........................................................................... 8

*Garfias v. Team Indus. Servs., Inc.*,
   2017 WL 4512444 (C.D. Cal. Oct. 10, 2017) ............................................. 4, 5

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) ........................................................................... 7

*Guytan v. Swift Transportation Co. of Arizona, LLC*,
   2017 WL 2380159 (C.D. Cal. June 1, 2017) .................................................. 8

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ........................................................................................... 3

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ............................................................. 4

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ........................................................... 4

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Krinsky v. Israel Discount Bank of N.Y.*,
  2016 WL 540741 (C.D. Cal. Feb. 9, 2016) .................................................................. 7

*Kroske v. U.S. Bank Corp.*,
  432 F.3d 976 (9th Cir. 2005) ............................................................................. 5, 6

*Lewis v. Verizon Commc'ns., Inc.*,
  627 F.3d 395 (9th Cir. 2010) ............................................................................ 1, 3

*Lippold v. Godiva Chocolatier, Inc.*,
  2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) .......................................................... 4

*Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc.*,
  2018 WL 1183354 (C.D. Cal. Mar. 7, 2018) ............................................................ 5

*Martin v. Arrow Electronics*,
  29 Trials Digest 9th 14, 2006 WL 2044626 (C.D. Cal. June 12, 2006) ................... 7

*Mathews v. Happy Valley Conference Center, Inc.*,
  43 Cal. App. 5th 236 (App. Ct. 2019) .................................................................. 6, 7

*McPhail v. Deere & Co.*,
  529 F.3d 947 (10th Cir. 2008) ................................................................................. 3

*Mejia v. Parker Hannifin Corp.*,
  2018 WL 582325 (C.D. Cal. Jan. 26, 2018) ............................................................. 7

*Molnar v. 1-800-Flowers.com, Inc.*,
  2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ........................................................... 7

*Patel v. Nike Retail Servs., Inc.*,
  58 F. Supp. 3d 1032 (N.D. Cal. 2014) ................................................................. 3, 4

*Plata v. Target Corp.*,
  2016 WL 6237798 (C.D. Cal. Oct. 25, 2016) ......................................................... 6

*Ponce v. Med. Eyeglass Ctr., Inc.*,
  2015 WL 4554336 (C.D. Cal. July 27, 2015) ......................................................... 8

*Rippee v. Boston Mkt. Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ..................................................................... 4

*Roberts v. Ford Aero. & Communications Corp.*,
  224 Cal. App. 3d 793 (App. Ct. 1990) ..................................................................... 6

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ................................................................................... 3

*Sargent v. Board of Trustees of California State University*,
  61 Cal. App. 5th 658 (App. Ct. 2021) ..................................................................... 6

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Sasso v. Noble Utah Long Beach, LLC*,
  2015 WL 898468 (C.D. Cal. Mar. 3, 2015) ............................................................. 8

*Simmons v. PCR Tech.*,
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) ............................................................. 5, 7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ................................................................................. 2

**STATUTES**

28 U.S.C. § 84(c) ........................................................................................................ 9

28 U.S.C. § 1332 ........................................................................................................ 1

28 U.S.C. § 1332(a)(1) ........................................................................................... 2, 3

28 U.S.C. § 1332(c)(1) ............................................................................................... 3

28 U.S.C. § 1446(b) ................................................................................................... 1

28 U.S.C. § 1441(a) ................................................................................................... 9

28 U.S.C. § 1446(c)(2) ............................................................................................... 4

28 U.S.C. § 1446(c)(2)(B) ......................................................................................... 3

Gibson, Dunn & Crutcher LLP

iv
DEFENDANT HARRY WINSTON, INC.'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ADAM FOX AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Harry Winston, Inc. ("Harry Winston") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 30-2022-01244071-CU-WT-CJC in Orange County Superior Court, State of California.  Removal is proper on the following grounds:

## I.   TIMELINESS OF REMOVAL

1.   Plaintiff Adam Fox ("Plaintiff") filed a Complaint against Harry Winston in Orange County Superior Court, State of California, Case No. 30-2022-01244071-CU-WT-CJC, on February 4, 2022.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice of Service of Process Transmittal, (e) Notice of Case Management Conference, and (f) Proof of Service filed by Plaintiff are attached as Exhibits A–F to the Declaration of Megan M. Lawson ("Lawson Decl.") filed concurrently herewith.

2.   According to the proof of service of process, Plaintiff personally served Harry Winston through its registered agent for service of process on February 8, 2022. *See* Lawson Decl., Ex. F.  Consequently, service was completed on February 8, 2022. This notice of removal is timely because it is filed within 30 days after service was completed.  28 U.S.C. § 1446(b).

## II.   SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.   Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Harry Winston denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief requested.  *See Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Harry

Winston's] liability."). However, for purposes of this removal only, Harry Winston assumes Plaintiff's allegations are true.

4. In his Complaint, Plaintiff alleges six causes of action against Harry Winston: (1) Whistleblower Retaliation (Cal. Lab. Code § 1102.5); (2) Wrongful Termination of Employment in Violation of Public Policy; (3) Negligent Hiring, Supervision, and Retention; (4) Breach of Express Oral Contract; (5) Breach of Implied-in-Fact Contract; and (6) Intentional Infliction of Emotional Distress. Lawson Decl., Ex. B, Compl.

5. Among other things, Plaintiff alleges that he is entitled to general and special damages, punitive damages, interest, and attorneys' fees and costs. Lawson Decl. Ex. B, Compl., Prayer for Relief.

**A.    There Is Complete Diversity of Citizenship**

6. "The district courts shall have original jurisdiction of all civil actions . . . between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Plaintiff is a citizen of California, whereas Harry Winston is a citizen of New York. Therefore, this action is a dispute between citizens of different states within the meaning of Section 1332(a)(1).

### 1.    Plaintiff Is a Citizen of California

7. For diversity purposes, a person is a citizen of the state in which he or she is domiciled. A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he is "a resident of the County of Los Angeles, California." Lawson Decl., Ex. B, Compl. ¶ 1. Therefore, Plaintiff is a citizen of the state of California for the purposes of 28 U.S.C. § 1332.

### 2.    Harry Winston Is a Citizen of New York

8. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

principal place of business." 28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

9. Harry Winston is a corporation organized under the laws of the State of New York, and with its principal place of business and corporate headquarters in New York City, New York.  Declaration of Dan Mastacciuola ("Mastacciuola Decl."), ¶ 2.  As such, Harry Winston is a citizen of New York.  *See* 28 U.S.C. § 1332(c)(1).

10. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and Harry Winston as they are "citizens of different States." 28 U.S.C. § 1332(a)(1).

**B.   The Amount in Controversy Exceeds $75,000**

11. Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B).  Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true," "a defendant is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) (emphasis in original).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) ("The amount in controversy is not proof of the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

12. A removing defendant is not required to "'research, state, [or attempt to] prove the plaintiff's claims for damages.'" *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (internal citations omitted). Instead, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g.*, *Lippold*, 2010 WL 1526441, at *3 (finding it reasonable for defendant to assume that plaintiff worked "13 hours a day every day that plaintiff worked for" defendant, because plaintiff alleged that he "regularly and/or consistently worked in excess of 12 hours per day"); *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations' from the allegations in the complaint").

13. Crucially, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (emphasis in original)).

14. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff seeks, among other relief, lost wages, non-economic damages, attorneys' fees, and punitive damages. *See* Lawson Decl., Ex. B, Prayer for Relief; 28 U.S.C. § 1446(c)(2); *see also, e.g.*, *Garfias v. Team Indus. Servs., Inc.*, 2017 WL 4512444, at *3–5 (C.D. Cal. Oct. 10, 2017) (reviewing various categories of compensatory relief as part of removal analysis).

15. Plaintiff seeks "lost wages" or back pay, and "future income" for his retaliation and wrongful termination claims. *See* Lawson Decl., Ex. B, Compl. ¶ 11. Harry Winston's Human Resources records reflect that Plaintiff's salary at the time of termination was $115,000 per year. *See* Mastacciuola Decl. ¶ 4. Based on that salary, Plaintiff's pay as a full-time employee can be conservatively estimated as at least $2,211 per week. Plaintiff's employment with Harry Winston ended on November 15, 2021. *Id.*; Lawson Decl., Ex. B, Compl. ¶ 10. For removal purposes, back pay is typically calculated by multiplying an employee's hourly wage (or weekly salary in this case) by the number of workweeks between his termination date and the date of removal. *See Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, at *3, *report and recommendation adopted*, 2011 WL 1739913 (E.D. Cal. 2011); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002). That would yield Plaintiff's estimated back pay of at least $**35,376** ($2,211 x 16 workweeks).

16. Plaintiff also seeks non-economic damages for "emotional distress" due to Harry Winston's alleged "malicious conduct" toward Plaintiff. *See* Lawson Decl., Ex. B, Compl. ¶¶ 10(b), 12. "Emotional distress damages may be considered when calculating the amount in controversy" even when the amount is "not clearly pled in the complaint." *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146 (E.D. Cal. 2018) (citing *Simmons*, 209 F. Supp. 2d at 1034). In "establish[ing] the likely amount of recoverable emotional distress damages, a removing defendant may provide evidence in the form of jury verdicts from similar cases." *Id.* (citing *Lisa Amanda Guillen, et al. v. Kindred Healthcare Operating, Inc.*, 2018 WL 1183354, at *5 (C.D. Cal. Mar. 7, 2018)). It is also "reasonable to apply a 1:1 ratio to emotional distress and economic damages for purposes of the . . . jurisdictional analysis." *Garfias*, 2017 WL 4512444, at *5; *see also Adkins*, 293 F. Supp. 3d at 1146–47. Other courts have held that it is plausible that a plaintiff in a wrongful termination case could recover $25,000 in emotional distress damages. *See Canales v. Performance Food Grp., Inc.*, 2017 WL 5905498, at *4 (C.D. Cal. Nov. 30, 2017); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d

976, 980 (9th Cir. 2005) (finding no clear error in the district court's conclusion that emotional distress damages in an employment discrimination action would add at least an additional $25,000 to plaintiff's claim); *Plata v. Target Corp.*, 2016 WL 6237798, at *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).

17. Emotional distress damages have been awarded in similar single-plaintiff retaliation cases in amounts varying between $100,000 and $275,000. *See, e.g.*, *Sargent v. Board of Trustees of California State University*, 61 Cal. App. 5th 658, 661, 666 n.4 (App. Ct. 2021) ($116,000 noneconomic damages award for retaliation claims); *Mathews v. Happy Valley Conference Ctr., Inc.*, 43 Cal. App. 5th 236, 247 (App. Ct. 2019) ($275,000 noneconomic damages award for retaliatory termination claims); *Roberts v. Ford Aero. & Commc'ns Corp.*, 224 Cal. App. 3d 793, 797 (App. Ct. 1990) ($100,000 noneconomic damages award for "severe emotional distress" caused in part by wrongful termination). Accordingly, Harry Winston conservatively estimates that Plaintiff's claims for emotional distress damages place at least **$25,000** in controversy. *See Canales*, 2017 WL 5905498, at *4 (finding defendant's assertion that "the minimum amount in controversy for emotional distress damages is $25,000" to be plausible); *see also Kroske*, 432 F.3d at 980 (finding no clear error in the district court's conclusion that emotional distress damages in an employment discrimination action would add at least an additional $25,000 to plaintiff's claim).

18. This Court may also consider Plaintiff's request for punitive damages for his retaliation claims in determining the amount in controversy. Plaintiff alleges that Harry Winston's conduct in terminating Plaintiff constitutes "oppression, fraud, and/or malice" under Cal. Civ. Code § 3294 and Plaintiff is thus entitled to "exemplary and/or punitive damages." *See* Lawson Decl., Ex. B, Compl. ¶ 13. Punitive damages are available for Plaintiff's claims under California law. *Mathews*, 43 Cal. App. 5th at 266–67 (holding that punitive damages are available for claims brought pursuant to Cal. Lab.

1  Code § 1102.5); *Krinsky v. Israel Discount Bank of N.Y.*, 2016 WL 540741, at *6 (C.D.
2  Cal. Feb. 9, 2016) (noting punitive damages are available for wrongful discharge
3  claims). And "[i]t is well established that punitive damages are part of the amount in
4  controversy in a civil action." *Amado v. US Bancorp*, 2015 WL 5618877, at *2 (C.D.
5  Cal. Sept. 24, 2015) (alteration in original) (quoting *Gibson v. Chrysler Corp.*, 261 F.3d
6  927, 945 (9th Cir. 2001)); *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, at *5
7  (C.D. Cal. Feb. 23, 2009) ("In general, claims for punitive damages are considered in
8  determining the amount in controversy, as long as punitive damages are available under
9  the applicable law."). A "defendant 'may introduce evidence of jury verdicts in cases
10 involving analogous facts' in order to establish probable punitive damages" even where
11 the facts of the current case are "far less egregious." *See Mejia v. Parker Hannifin Corp.*,
12 2018 WL 582325, at *4–5 (C.D. Cal. Jan. 26, 2018) (quoting *Simmons*, 209 F. Supp. 2d
13 at 1033); *see also Simmons*, 209 F. Supp. 2d at 1033 (noting that the "fact that the cited
14 [jury verdict] cases involve distinguishable facts is not dispositive"). Punitive damages
15 have been awarded in similar single-plaintiff retaliation suits. *See, e.g.*, *Mathews*, 43
16 Cal. App. 5th 236 at 268–69 (upholding award of $500,000 in punitive damages in
17 single-plaintiff whistleblower suit); *Martin v. Arrow Electronics*, 29 Trials Digest 9th
18 14, 2006 WL 2044626 (C.D. Cal. June 12, 2006) (awarding $500,000 in punitive
19 damages in single-plaintiff failure to accommodate and wrongful termination suit).

20       19.   Accordingly, Harry Winston "has met its burden of showing by a
21 preponderance of the evidence that the amount in controversy should include a punitive
22 damages award." *Simmons*, 209 F. Supp. 2d at 1033. Assuming a conservative punitive
23 damages award based upon a 1:1 ratio would place at least an additional **$60,376** in
24 controversy ($35,376 in lost wages + $25,000 in emotional distress damages). *See Bayol
25 v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (assuming "a
26 conservative 1:1 ratio for punitive to compensatory damages" for determining whether
27 the amount in controversy threshold was met).

28

20. Plaintiff also seeks attorneys' fees. *See* Lawson Decl., Ex. B, Compl., ¶ 14, Prayer for Relief. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Indeed, where "the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy." *Id.*; *Castillo v. ABM Indus. Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. Nov. 20, 2017) (noting that "recent cases in this district hold that post-removal attorneys' fees should be included") (collecting cases). Further, the Central District has "determined that 'an appropriate and conservative estimate' for attorneys' fees in [individual] employment cases in this district 'may reasonably be expected to equal at least $30,000.'" *Castillo*, 2017 WL 5609791, at *3 (quoting *Guytan v. Swift Transp. Co. of Arizona, LLC*, 2017 WL 2380159, at *3 (C.D. Cal. June 1, 2017)); *see also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (estimating "at least" $30,000 in attorneys' fees in a single-plaintiff employment case); *Ponce v. Med. Eyeglass Ctr., Inc.*, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015) (same).

21. The inclusion of $30,000 in attorneys' fees would increase the total amount in controversy to **$150,752** demonstrated as follows:

| | |
|---|---|
| Conservative estimate of amount in controversy from lost wages allegations: | $35,376 |
| Conservative estimate of amount in controversy from emotional distress allegations: | $25,000 |
| Conservative estimate of amount in controversy from punitive damages allegations: | $60,376 |
| Conservative estimate of attorneys' fees: | $30,000 |
| Estimated total amount in controversy: | **$150,752** |

22. The total amount is certainly higher, as this figure is based on conservative estimates of Plaintiff's claims for lost wages, emotional distress damages, punitive damages, and attorneys' fees. Additionally, this estimate does not include Plaintiff's claim for "future income" or any purported damages that would result from Plaintiff's alleged breach of contract claims. *See* Lawson Decl., Ex. B, Compl. ¶¶ 11, 36, 40.

### III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER

23. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

   1. This is a civil action within the meaning of § 1332(a);
   2. The properly named parties are "citizens of different States" as required by § 1332(a)(1); and
   3. The amount in controversy exceeds $75,000 as required by § 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

24. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within 30 days of service on Harry Winston, which occurred on February 8, 2022.

25. The United States District Court for Central District of California is the federal judicial district in which the Orange County Superior Court sits. This action was originally filed in the Orange County Superior Court, rendering venue in this federal judicial district and division proper (*see* 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a)).

26. True and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice of Service of Process Transmittal, (e) Notice of Case Management Conference, and (f) Proof of Service of Process, attached as Exhibits A–F to the Lawson Declaration, are filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

27. Upon filing the Notice of Removal, Harry Winston will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Orange County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: March 10, 2022

          HARRIS M. MUFSON
          JESSE A. CRIPPS
          MEGAN M. LAWSON
          COURTNEY M. JOHNSON
          GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jesse A. Cripps*
      Jesse A. Cripps

Attorneys for Defendant HARRY WINSTON, INC.