1 | GIBSON, DUNN & CRUTCHER LLP
HARRIS M. MUFSON (*pro hac vice forthcoming*)
2 |    hmufson@gibsondunn.com
200 Park Avenue
3 | New York, NY 10166-0193
Telephone:  212.351.4000
4 | Facsimile:   212.351.4035

5 | JESSE A. CRIPPS, SBN 222285
   jcripps@gibsondunn.com
6 | MEGAN M. LAWSON, SBN 294397
   mlawson@gibsondunn.com
7 | COURTNEY M. JOHNSON, SBN 324331
   cjohnson2@gibsondunn.com
8 | 333 South Grand Avenue
Los Angeles, CA  90071-3197
9 | Telephone:  213.229.7000
Facsimile:   213.229.7520

10 |

11 | Attorneys for Defendant HARRY WINSTON, INC.

12 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ADAM FOX, | CASE NO. _____ |
| | |
| Plaintiff, | **DECLARATION OF MEGAN M. LAWSON IN SUPPORT OF DEFENDANT HARRY WINSTON, INC.'S NOTICE OF REMOVAL** |
| v. | |
| HARRY WINSTON, INC.; and DOES 1 to 100, inclusive, | |
| | (Orange County Superior Court Case No. 30-2022-01244071-CU-WT-CJC) |
| Defendants. | |

DECLARATION OF MEGAN M. LAWSON IN SUPPORT OF DEFENDANT HARRY WINSTON, INC.'S NOTICE OF REMOVAL

I, Megan M. Lawson, hereby declare and state:

1.      I am an attorney duly licensed to practice law before all the courts of the State of California as well as the United States District Court for the Central District of California.  I am an associate with the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Defendant Harry Winston, Inc ("Harry Winston") in the above-entitled action.  Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Summons in *Fox v. Harry Winston, Inc., et al.*, Case No. 30-2022-01244071-CU-WT-CJC, filed in the Orange County Superior Court on February 4, 2022.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Complaint in *Fox v. Harry Winston, Inc., et al.*, Case No. 30-2022-01244071-CU-WT-CJC, filed in the Orange County Superior Court on February 4, 2022.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet in *Fox v. Harry Winston, Inc., et al.*, Case No. 30-2022-01244071-CU-WT-CJC, filed in the Orange County Superior Court on February 7, 2022.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Service of Process Transmittal in *Fox v. Harry Winston, Inc,, et al.*, Case No. 30-2022-01244071-CU-WT-CJC, filed in the Orange County Superior Court, reflecting that Plaintiff effected service of the Summons and Complaint on Harry Winston on February 8, 2022.

6.      Attached hereto as **Exhibit E** is a true and correct copy of the Notice of Case Management Conference in *Fox v. Harry Winston, Inc., et al.*, Case No. 30-2022-01244071-CU-WT-CJC, entered on February 7, 2022, reflecting that an initial case management conference is set for July 11, 2022 in Department C20 of the Orange County Superior Court.

7.      Attached hereto as **Exhibit F** is a true and correct copy of the Proof of Service of Summons in *Fox v. Harry Winston, Inc., et al.*, Case No. 30-2022-01244071-

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF MEGAN M. LAWSON IN SUPPORT OF DEFENDANT
HARRY WINSTON, INC.'S NOTICE OF REMOVAL

CU-WT-CJC, filed on February 14, 2022, reflecting that Plaintiff effected personal service of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference on Harry Winston on February 8, 2022.

8.    In accordance with 28 U.S.C. § 1446(a), Exhibits A–F constitute "all process, pleadings, and orders served upon" Harry Winston in this action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that I executed this Declaration on March 10, 2022, at Los Angeles, California.

*/s/ Megan M. Lawson*
Megan M. Lawson

DECLARATION OF MEGAN M. LAWSON IN SUPPORT OF DEFENDANT HARRY WINSTON, INC.'S NOTICE OF REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HARRY WINSTON, INC.; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ADAM FOX

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: | CASE NUMBER: *(Número del Caso):*
*(El nombre y dirección de la corte es):* | 30-2022-01244071-CU-WT-CJC
Central Justice Center |
700 W. Civic Center Dr. | Judge Lon F. Hurwitz

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Avraham Kalaf, Esq. (SBN 325249) 3470 Wilshire Blvd., Suite 630 Los Angeles, CA 90010; (213) 787-7411

DATE: 02/04/2022  DAVID H. YAMASAKI, Clerk of the Court | Clerk, by  *Katie Trent* , Deputy
*(Fecha)* | *(Secretario)* | *(Adjunto)*

Katie Trent

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT B

Electronically Filed by Superior Court of California, County of Orange, 02/04/2022 05:33:26 PM.
30-2022-01244071-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

Jake D. Finkel, Esq. (SBN 293954)
Avraham Kalaf, Esq. (SBN 311475)
Eugene Feldman, Esq. (SBN 118497)
**LAW OFFICES OF JAKE D. FINKEL, APC**
3470 Wilshire Blvd., Suite 830
Los Angeles, CA 90010
Tel: (213) 787-7411
Fax: (323) 916-0521

Attorneys for Plaintiff,
ADAM FOX

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

Assigned for All Purposes

Judge Lon F. Hurwitz

| | |
|---|---|
| ADAM FOX; | Case No.: 30-2022-01244071-CU-WT-CJC |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** |
| vs. | |
| HARRY WINSTON, INC.; and DOES 1 to 100, inclusive, | **(1) WHISTLEBLOWER RETALIATION (LABOR CODE § 1102.5)** |
| Defendants. | **(2) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;** |
| | **(3) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;** |
| | **(4) BREACH OF EXPRESS ORAL CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;** |
| | **(5) BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE; AND** |
| | **(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | **DEMAND FOR JURY TRIAL** |

1  Plaintiff, ADAM FOX, alleges, on the basis of personal knowledge and/or
2  information and belief:

3

4  **SUMMARY**

5  This is an action by plaintiff, ADAM FOX ("Plaintiff" or "Mr. Fox"), whose
6  employment with defendant, HARRY WINSTON. ("Defendant" or "WINSTON"), was
7  wrongfully terminated.  Plaintiff brings this action against defendants for economic, non-
8  economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-
9  judgment interest pursuant to Code of Civil Procedure section 3291, and costs and
10  reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of
11  Civil Procedure section 1021.5.

12

13  **PARTIES**

14  1.  Plaintiff: Plaintiff Fox is, and at all times mentioned in this Complaint was, a
15  resident of the County of Los Angeles, California.

16  2.  Defendants:   Defendant WINSTON is, and at all times mentioned in this
17  Complaint was, authorized to operate by the State of California and the United States
18  government and authorized and qualified to do business in the County of Los Angeles.
19  Defendant's place of business, where the following causes of action took place, was and
20  is in the County of Los Angeles, at 310 N. Rodeo Drive in the City of Beverly Hills.

21  3.  Doe defendants:  Defendants Does 1 to 100, inclusive, are sued under fictitious
22  names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes,
23  and on that basis alleges, that each of the defendants sued under fictitious names is in some
24  manner responsible for the wrongs and damages alleged below, in so acting was functioning
25  as the agent, servant, partner, and employee of the co-defendants, and in taking the actions
26  mentioned below was acting within the course and scope of his or her authority as such
27  agent, servant, partner, and employee, with the permission and consent of the co-defendants.
28  The named defendants and Doe defendants are sometimes hereafter referred to, collectively

1 | and/or individually, as "defendants."

2 |     4.  Relationship of defendants:  All defendants compelled, coerced, aided, and/or

3 | abetted the discrimination, retaliation, and harassment alleged in this Complaint, which

4 | conduct is prohibited under California Government Code section 12940(i).  All defendants

5 | were responsible for the events and damages alleged herein, including on the following

6 | bases:  (a) defendants committed the acts alleged; (b) at all relevant times, one or more of

7 | the defendants was the agent or employee, and/or acted under the control or supervision,

8 | of one or more of the remaining defendants and, in committing the acts alleged, acted

9 | within the course and scope of such agency and employment and/or is or are otherwise

10 | liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership

11 | and interest between or among two or more of the defendants such that any individuality

12 | and separateness between or among those defendants has ceased, and defendants are the

13 | alter egos of one another.  Defendants exercised domination and control over one another

14 | to such an extent that any individuality or separateness of defendants does not, and at all

15 | times herein mentioned did not, exist.  Adherence to the fiction of the separate existence

16 | of defendants would permit abuse of the corporate privilege and would sanction fraud and

17 | promote injustice.  All actions of all defendants were taken by employees, supervisors,

18 | executives, officers, and directors during employment with all defendants, were taken on

19 | behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all

20 | other defendants.

21 |     5.  Finally, at all relevant times mentioned herein, all defendants acted as agents of

22 | all other defendants in committing the acts alleged herein.

23 |

24 | **FACTS COMMON TO ALL CAUSES OF ACTION**

25 |     6.  Plaintiff's hiring:  Plaintiff, Mr. Fox, began his employment with defendant

26 | WINSTON on or around July 21, 2021, as an Operations Manager for the West Coast.

27 | Plaintiff's duties included but were not limited to overseeing the operation of seven (7)

28 | stores on the West Coast. The stores included locations in Costa Mesa, California, Beverly

1  Hills, California and Las Vegas, Nevada. WINSTON sells high end jewelry and watches
2  at its stores, which are known as salons.

3  　　　7.  Plaintiff's job performance:  Throughout his employment, Plaintiff performed
4  consistently and met company expectations as is reflected by his complete lack of any
5  discipline prior to his termination.

6  　　　8.  Plaintiff's protected status and activity:

7  　　　　　a.  Plaintiff reported acts of illegal conduct, including but not limited to: failure
8  to report sales in excess of $10,000 to the Internal Revenue Service, an offer of commercial
9  bribery in the form of employee kickbacks, and failure to follow proper sales protocol.

10  　　　9.  Defendants' adverse employment actions and behavior:

11  　　　　　a.  On or around October 15, 2021, Mr. Fox's immediate supervisor and VP of
12  US Retail, Michael Moser ("Mr. Moser") raised concerned over a suspicious transaction
13  occurring at Defendant's Las Vegas salon.  South Coast Plaza Salon Manager Audrey
14  McKenzie ("Ms. McKenzie") informed Mr. Moser that Jianhao Li (the "Client") had come
15  into the store and was interested in looking over a variety of items with sales associate
16  Sophie Zhao (Ms. Zhao). Mr. Moser offered the client a discount of 5% on one of the
17  items, specifically a 3-carat diamond ring. It was known that Defendant maintained a
18  business practice of offering discounts on a case-by-case basis. Discounts above 5%
19  required approval by Mr. Moser and possibly Global Vice President, Fadi Ghalayini ("Mr.
20  Ghalayini"). Mr. Li left the South Coast Plaza salon without purchasing the ring with the
21  5% discount.

22  　　　　　b.  A short time later, Ms. McKenzie was concerned when she found out that
23  Client Mr. Li had received authority for a 6% discount buying the exact same ring at the
24  Defendant's Las Vegas salon. This transaction involved top selling sales associate Cici
25  Zhang ("Ms. C. Zhang"). The discount was supposedly provided contingent upon the
26  client being present in store and the transaction being completed that day. However, the
27  sale had not closed that day. Additional suspicious circumstances surrounded the
28  transaction, such as the fact that Ms. Zhang failed to enter the Client's true name into the

-4-

1  system. Ms. C. Zhang also incorrectly listed the sale as a phone order and not as an in-
2  store purchase.   Ms. C. Zhang violated store policy by taking the total deposit of
3  $32,500.00 over the phone.  Company policy limited the amount of a deposit which could
4  be placed over the phone to $25,000.00.

5       c.  On information and belief, Ms. C. Zhang has been responsible for taking
6  similar actions in the past. However, no investigative actions were ever taken despite these
7  issues being reported to the head of Human Resources Dan Mastacciuola ("Mr.
8  Mastacciuola") and Mr. Ghalayini

9       d.  Ms. Zhao raised concerns that there were too many mistakes for this to be a
10  random accident and informed her supervisor, Ms. McKenzie. Accordingly, Ms.
11  McKenzie had raised the same concern with Mr. Moser. Ultimately, Mr. Moser decided
12  to provide the sales commission to Defendant's South Coast Plaza salon and authorized
13  an additional discount, totaling 7.36%.

14       e.  On or around October 16, 2021, the Client attempted to pay Defendant at
15  their South Coast Plaza salon. During this transaction, the Client informed Ms. Zhao that
16  Ms. C. Zhang had offered him an additional 1% kickback via Venmo if he chose to
17  complete the sale with her. Kickbacks are illegal and a violation of company policy. Ms.
18  Zhao refused to provide the 1% kickback via Venmo. Instead, she again raised the bribery
19  issue with Ms. McKenzie. Ms. McKenzie notified Mr. Moser.

20       f.  On or around October 18, 2021, the manager of the Las Vegas salon Lily
21  Zhang ("Ms. L. Zhang") sent an email to Mr. Moser stating that Client had claimed he was
22  offered an 8% discount at the South Coast Plaza salon. Client was allowed to circumvent
23  filling out the proper Internal Revenue Service ("IRS") forms for transactions in excess of
24  $10,000 by splitting the cost among four (4) family members of the client. In fact, the
25  maximum discount ever offered to the Client was 7.32%.

26       g.  Ms. McKenzie had called Defendant's finance department. The finance
27  department authorized not reporting this $32,500 transaction to the IRS because the sale
28  was split among four (4) individuals.

h. On or around October 20, 2021, Mr. Moser was notified by Mr. Ghalayini and Corporate Legal Counsel Jennifer Meyer-Kluge that he was under investigation for harassment, discrimination, and retaliation.

i. On or around November 4, 2021, the Client posted a complaint on Defendant's website. Although the Client had previously transacted business with Ms. Zhao without complaint, he claimed Ms. Zhao had provided horrible customer service. He would only be willing to only work with Ms. C. Zhang from now on. The Client's online complaint also contained many details which clients were not privy to, such as the invoice number. On information and belief, the Client was coerced by Ms. C. Zhang into making this complaint so she would be awarded commission for the sale.

j. On or around November 5, 2021, Mr. Moser was placed on admin leave. Mr. Mastacciuola telephoned Mr. Fox to notify him about Mr. Moser's status and check in on how things were going. Mr. Fox informed Mr. Mastacciuola that the work environment had become rather tense. In response, Mr. Mastacciuola assured Mr. Fox that he was needed now more than ever as point person on the West Coast.

k. On or around November 8, 2021. Defendant's client services responded to the client's complaint and asked him where he would like to complete the purchase.

l. On or around November 9, 2021, the Client told Defendant that he wished to work with Ms. C. Zhang at the Defendant's Las Vegas salon to complete sale.

m. On or around November 10, 2021, Ms. L. Zhang sent an email to Ms. McKenzie, Mr. Fox, Mr. Ghalayini, and CFO Robert Scott ("Mr. Scott") that Ms. C. Zhang was going to complete transaction and that the client was promised an 8.32% discount.

n. That same evening, Mr. Ghalayini phoned Mr. Fox to discuss open matters. This was the first time Ghalvayini had ever contact Mr. Fox. During this phone conversation, Mr. Fox brought up his concerns regarding Ms. C. Zhang and this suspicious transaction. Mr. Fox reported requested an investigation of this transaction with Ms. C. Zhang based on the failure to report the transaction properly to the IRS, potential kickbacks, and the violation of company policy in accepting a phone order deposits in

1   excess of $25,000. In response, Mr. Fox was told that any wrongdoing on the part of Ms.
2   C. Zhang would be hard to prove, not to do anything about it, and to look other way.

3       o.   On or around November 11, 2021, Mr. Moser's employment was terminated.
4   Mr. Mastacciuola telephoned Mr. Fox who told him that he would now be reporting
5   directly to Mr. Ghalayini.  Mr. Mastacciuola reiterated to Mr. Fox how important Fox's
6   role was to Defendant.

7       p.   On information and belief, Ms. C. Zhang had arranged for the items to be
8   delivered to the client in a manner to avoid California sales tax. Even though it was on
9   record that Client resides in Irvine, CA, the items in question were to be delivered and
10  picked up in Alaska. Alaska has no state sales tax. This tax avoidance issue had been raised
11  in the past with Mr. Ghalavini. Mr. Ghalavini told Mr. Fox that it was Defendants' choice
12  to look to not question the customer's place of residence or the terms of the delivery.

13      10.  Defendants' termination of plaintiff's employment:

14      a.   On   or   around   November   15,   2021,   Mr.   Fox   was   terminated.
15  At around 9:00AM, Mr. Fox received a call from Mr. Mastacciuola and Human Resources
16  representative Maria Cheung stating that his position was being eliminated as a result of
17  restructuring. Mr. Fox's position was supposedly eliminated, despite repeated promises
18  that Mr. Fox was essential to Defendant's West Coast operations.

19      b.   As a result of the retaliation and eventual wrongful termination of his
20  employment, Plaintiff has suffered economic damages in the form of wage loss.
21  Additionally, Plaintiff has suffered emotional distress because of Defendants' malicious
22  conduct toward him.

23      11.  Economic damages:  As a consequence of defendants' conduct, plaintiff has
24  suffered and will suffer harm, including lost past and future income and employment
25  benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties,
26  as well as interest on unpaid wages at the legal rate from and after each payday on which
27  those wages should have been paid, in a sum to be proven at trial.

28      12.  Non-economic damages:  As a consequence of defendants' conduct, plaintiff has

1    suffered and will suffer psychological and emotional distress, humiliation, and mental and
2    physical pain and anguish, in a sum to be proven at trial.

3        13. Punitive damages:  Defendants' conduct constitutes oppression, fraud, and/or
4    malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award
5    of exemplary and/or punitive damages.

6            a.   Malice:  Defendants' conduct was committed with malice within the meaning
7    of California Civil Code section 3294, including that (a) defendants acted with intent to
8    cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, in-
9    cluding by terminating plaintiff's employment and/or taking other adverse job actions
10   against plaintiff because of his age, disability, medical leave, national origin, and/or good
11   faith complaints, and/or (b) defendants' conduct was despicable and committed in willful
12   and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right
13   to be free of discrimination, harassment, retaliation, abuse of the requirements of
14   accommodation and engaging in the interactive process, and wrongful employment
15   termination.

16           b.   Oppression:   In addition, and/or alternatively, defendants' conduct was
17   committed with oppression within the meaning of California Civil Code section 3294,
18   including that defendants' actions against plaintiff because of his age, disability, medical
19   leave, national origin, and/or good faith complaints were "despicable" and subjected
20   plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work
21   place free of discrimination, harassment, retaliation, abuse of the requirements of
22   accommodation and engaging in the interactive process, and wrongful employment
23   termination.

24           c.   Fraud :  In addition, and/or alternatively, defendants' conduct, as alleged, was
25   fraudulent within the meaning of California Civil Code section 3294, including that
26   defendants asserted false (pretextual) grounds for terminating plaintiff's employment
27   and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of
28   legal rights.

14. Attorneys' fees: Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

## FIRST CAUSE OF ACTION

### (Whistleblower Retaliation (Labor Code § 1102.5) Against Defendant WINSTON and Does 1 to 100, Inclusive)

15. The allegations set forth in paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16. At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for complaining of activity they believe to be illegal.

17. Plaintiff raised complaints of activities Plaintiff believed to be illegal while he worked for defendants. Plaintiff believed that it was illegal for Defendants to fail to report sales to the IRS, for associates to receive kickbacks and to have items shipped to states with no sales tax when the client resides in California.

18. Defendants retaliated against him by taking adverse employment actions, including employment termination, against him.

19. Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling plaintiff to punitive damages against defendant.

20. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

21. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

22. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Labor Code section 1102.5, plaintiff is entitled to recover reasonable

1   attorneys' fees and costs in an amount according to proof.

2       23.   Defendants' misconduct was committed intentionally, in a malicious, despicable,

3   oppressive manner, entitling plaintiff to punitive damages against defendants.

4

5   **SECOND CAUSE OF ACTION**

6   **(Wrongful Termination of Employment in Violation of**

7   **Public Policy (Labor Code § 1102.5.)—Against Defendant**

8   **WINSTON and Does 1 to 100, Inclusive)**

9       24.   The allegations set forth in paragraphs 1 through 23 are re-alleged and incorpo-

10   rated herein by reference.

11       25.   Defendants terminated plaintiff's employment in violation of various funda-

12   mental public policies underlying both state and federal laws.   Specifically, plaintiff's

13   employment was terminated in part because of reporting acts of illegal conduct.   These

14   actions were in violation of the California Constitution, and California Labor Code section

15   1102.5.

16       26.   As a proximate result of defendants' wrongful termination of plaintiff's em-

17   ployment in violation of fundamental public policies, plaintiff has suffered and continues

18   to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to

19   his damage in a sum according to proof.

20       27.   As a result of defendants' wrongful termination of her employment, plaintiff has

21   suffered general and special damages in sums according to proof.

22       28.   Defendants' wrongful termination of plaintiff's employment was done inten-

23   tionally, in a malicious, fraudulent, oppressive manner, entitling plaintiff to punitive

24   damages.

25       29.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

26   Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., plaintiff is entitled

27   to recover reasonable attorneys' fees and costs in an amount according to proof.

28

### THIRD CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against

### Defendant WINSTON and Does 1 to 100, Inclusive)

30.   The allegations set forth in paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in illegal, retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would comply with relevant federal and state laws and refrain from harassing and retaliating against plaintiff.

32.   Defendants breached these duties.  Defendants failed to supervise and monitor the conduct of Ms. C. Zhang. Defendant's failed and refused to conduct a proper and thorough investigation, despite numerous warning signs. As a result, defendants caused damages to plaintiff.  As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

### FOURTH CAUSE OF ACTION

### (Breach of Express Oral Contract Not to Terminate

### Employment Without Good Cause)—Against Defendant

### WINSTON and Does 1 to 100, Inclusive)

33.   The allegations set forth in paragraphs 1 through 32 are re-alleged and incorporated herein by reference.

34.   Defendants, through their agents, entered an oral agreement not to terminate plaintiff's employment except for good cause.  Plaintiff and defendants, through their supervisors, made mutual promises of consideration pursuant to this oral agreement.

1 | Plaintiff performed all duties required of him under the agreement by performing his job
2 | in an exemplary manner.

3 |     35.   Defendants and their managers and supervisors terminated plaintiff's employ-
4 | ment without good cause, violating the express oral contract they had with him.

5 |     36.   As a proximate result of defendants' willful breach of the express oral contract
6 | not to terminate employment without good cause, plaintiff has suffered and continues to
7 | suffer damages, including losses of earnings and benefits, in a sum according to proof.

8 |

9 |                          **FIFTH CAUSE OF ACTION**

10 |          **(Breach of Implied-in-Fact Contract Not to Terminate**

11 |          **Employment Without Good Cause (Marketing West, Inc. v.**

12 |              **Sanyo Fisher (1992) 6 Cal.App.4th 603; Civil Code**

13 |              **§ 1622)—Against Defendants WINSTON, and Does 1 to**

14 |                          **100, Inclusive)**

15 |     37.   The allegations set forth in paragraphs 1 through 36 are re-alleged and incorpo-
16 | rated herein by reference.

17 |     38.   On the basis of oral assurances of continued employment given to plaintiff by
18 | defendants' supervisors, the length of plaintiff's employment with defendants, defendants'
19 | actual practice of terminating employment only for cause, and the industry standard for
20 | the business defendants engaged in of terminating employment only for cause, plaintiff
21 | and defendants shared the actual understanding that plaintiff's employment could and
22 | would be terminated only for cause.  This shared understanding resulted in an implied
23 | contract requiring that defendants have good cause to terminate plaintiff's employment.

24 |     39.   Defendants and their managers and supervisors terminated plaintiff's employ-
25 | ment without good cause, violating the implied-in-fact contract they had with him.

26 |     40.   As a proximate result of defendants' willful breach of the implied-in-fact contract
27 | not to terminate employment without good cause, plaintiff has suffered and continues to
28 | suffer damages, including losses of earnings and benefits, in a sum according to proof.

1    41.   Plaintiff seeks attorneys' fees for lost wages under this cause of action under

2    Labor Code section 218.6.

3

4

5                          SIXTH CAUSE OF ACTION

6             (Intentional Infliction of Emotional Distress—Against All

7                    Defendants and Does 1 to 100, Inclusive)

8    42.   The allegations set forth in paragraphs 1 through 41 are re-alleged and incorpo-

9    rated herein by reference.

10   43.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff

11   constituted severe and outrageous misconduct and caused plaintiff extreme emotional

12   distress.

13   44.   Defendants were aware that treating plaintiff in the manner alleged above,

14   including depriving plaintiff of his livelihood would devastate plaintiff and cause him

15   extreme hardship.

16   45.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff

17   has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and

18   continues to sustain substantial losses of earnings and other employment benefits as a

19   result of being emotionally distressed.

20   46.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff

21   has suffered and continues to suffer humiliation, emotional distress, and mental and

22   physical pain and anguish, all to his damage in a sum according to proof.

23   47.   Defendants' misconduct was committed intentionally, in a malicious, oppressive

24   manner, entitling plaintiff to punitive damages.

25

26                                  PRAYER

27   WHEREFORE, plaintiff, Mr. Fox, prays for judgment against defendants as follows:

28   1.   For general and special damages according to proof;

2.  For exemplary damages, according to proof;

3.  For pre-judgment and post-judgment interest on all damages awarded;

4.  For reasonable attorneys' fees;

5.  For costs of suit incurred;

6.  For such other and further relief as the Court may deem just and proper.


ADDITIONALLY, plaintiff, Mr. Foz demands trial of this matter by jury.   The amount demanded exceeds $25,000.00 (Government Code § 72055).


Dated:  February 4, 2022         LAW OFFICES OF JAKE. D. FINKEL

By:  _____

JAKE D. FINKEL, ESQ.

AVRAHAM KALAF, ESQ.

EUGENE FELDMAN, ESQ.

Attorneys for Plaintiff,
ADAM FOX

# EXHIBIT C

Electronically Filed by Superior Court of California, County of Orange, 02/09/2022 11:16:00 AM.
30-2022-01244071-CU-WT-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Avraham Kalaf, Esq. (SBN 325249) Jake D. Finkel, Esq. (SBN 293954)<br>LAW OFFICES OF JAKE D. FINKEL, APC<br>3470 Wilshire Blvd., Suite 830, Los Angeles, CA 90010 | FOR COURT USE ONLY |

TELEPHONE NO.: (213) 787-7411   FAX NO. *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff Adam Fox

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS: 700 W. Civic Center Dr.
CITY AND ZIP CODE: Orange, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
FOX v. HARRY WINSTON, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2022-01244071-CU-WT-CJC |
| | | JUDGE: Judge Lon F. Hurwitz |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. ☐ Substantial amount of documentary evidence       court
                                                     f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 6
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 7, 2022
Avraham Kalaf, Esq.
_____                                    ▶              _____
(TYPE OR PRINT NAME)                                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                          Page 1 of 2

Form Adopted for Mandatory Use          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                              Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                 www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT D



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 24451870**
**Date Processed: 02/09/2022**

| | |
|---|---|
| **Primary Contact:** | Robert Scott<br>Harry Winston, Inc.<br>718 Fifth Avenue<br>New York, NY 10019-4102 |
| **Electronic copy provided to:** | Arnie Landau |

| | |
|---|---|
| **Entity:** | Harry Winston Inc.<br>Entity ID Number  0513539 |
| **Entity Served:** | Harry Winston, Inc |
| **Title of Action:** | Adam Fox vs. Harry Winston, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2022-01244071-CU-WT-CJC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/08/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Offices of Jake D. Finkel, APC<br>213-787-7411 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# EXHIBIT E

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center<br><br>PLANTIFF: Adam Fox<br><br>DEFENDANT: Harry Winston, Inc.<br><br>Short Title: FOX VS. HARRY WINSTON, INC. | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>**Feb 7, 2022**<br>Clerk of the Court<br>By: Katie Trent, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:**<br>**30-2022-01244071-CU-WT-CJC** |

**Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>07/11/2022</u> at <u>09:00:00 AM</u> in Department <u>C20</u> of this court, located at <u>Central Justice Center</u>.**

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

<u>**QUAN TRỌNG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: _Katie Trent_ _____, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

SHORT TITLE: FOX VS. HARRY WINSTON, INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2022-01244071-CU-WT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana, California</u> on <u>02/07/2022</u>. Following standard court practice the mailing will occur at <u>Sacramento California</u> on <u>02/08/2022</u>.

Clerk of the Court, by: _Katie Trent_____, Deputy

LAW OFFICES OF JAKE D. FINKEL, APC
3470 WILSHIRE BOULEVARD # 830
LOS ANGELES, CA 90010

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure, § CCP 1013(a)

# EXHIBIT F

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jake D. Finkel, Esq. (SBN 293954); Sheryl L Marx, Esq. (SBN 311475)<br>LAW OFFICES OF JAKE D. FINKEL<br>3470 Wilshire Blvd., Suite 830<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 213-787-7411   FAX NO. (Optional): 323-916-0521<br>E-MAIL ADDRESS (Optional): jake@lawfinkel.com<br>ATTORNEY FOR (Name): Plaintiff, Adam Fox | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 700 W. Civic Center Dr.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Orange, CA 92701<br>BRANCH NAME: Central Justice Center |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Adam Fox | CASE NUMBER:<br>30-2022-01244071-CU-WT-CJC |
| DEFENDANT/RESPONDENT: Harry Winston, Inc., et. al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Hearing- Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*
   Harry Winston, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CSC-Corporation Service Company, c/o Jenn Bautista, Registered Agent for Service of Process

4. Address where the party was served:
   2710 Gateway Oaks Drive, # 150, Sacramento, CA 95833

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* February 8, 2022  (2) at *(time):* 1:45 p.m.
   b. ☐ **by substituted service.** On *(date):*       at *(time):*       I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*       from *(city):*       **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Adam Fox | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Harry Winston, Inc., et. al. | 30-2022-01244071-CU-WT-CJC |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*               (2)  from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** (specify means of service and authorizing code section):

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐  as an individual defendant.

  b. ☐  as the person sued under the fictitious name of *(specify):*

  c. ☐  as occupant.

  d. ☑  On behalf of *(specify):*  Harry Winston, Inc.

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)

                                  ☐ other:

7.  **Person who served papers**

  a.  Name: Johnny Adams/ All- City Legal & Messenger Services, LLC

  b.  Address: 2934 1/2 Beverly Glen Circle, Suite 303, Bel-Air, CA 90077

  c.  Telephone number: 310-642-7777

  d.  **The fee** for service was: $ 85.00

  e.  I am:

    (1) ☐  not a registered California process server.

    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑  a registered California process server:

      (i) ☐  owner  ☐ employee  ☑ independent contractor.

      (ii)  Registration No.: 1445

      (iii)  County: Sacramento

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 12, 2022

Johnny Adams
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

POS-010 [Rev. January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2