GIBSON, DUNN & CRUTCHER LLP
HARRIS M. MUFSON (*pro hac vice*)
  hmufson@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

JESSE A. CRIPPS, SBN 222285
  jcripps@gibsondunn.com
MEGAN M. LAWSON, SBN 294397
  mlawson@gibsondunn.com
COURTNEY M. JOHNSON, SBN 324331
  cjohnson2@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant HARRY WINSTON, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ADAM FOX, | CASE NO. 8:22-cv-00381-DOC (ADS) |
|---|---|
| Plaintiff, | **DEFENDANT HARRY WINSTON, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| HARRY WINSTON, INC.; and DOES 1 to 100, inclusive, | Action Filed: February 4, 2022<br>Removed: March 10, 2022<br>Trial Date: None Set |
| Defendants. | |

    Defendant Harry Winston, Inc. ("HWI"), by and through its undersigned counsel, hereby answers Plaintiff Adam Fox's Complaint, Dkt. 1-1, as follows:

    1.    HWI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and, on that basis, denies all allegations set forth in Paragraph 1 of the Complaint.

    2.    HWI admits that it is authorized to operate by the State of the California and the United States government, and is authorized to do business in the County of Los Angeles. HWI further admits that it operates a store located at 310 N. Rodeo Drive in

the City of Beverly Hills. Except as expressly admitted, HWI denies all allegations set forth in Paragraph 2 of the Complaint.

3.  HWI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and, on that basis, denies all allegations set forth in Paragraph 3 of the Complaint.

4.  To the extent that Paragraph 4 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies the allegations set forth in Paragraph 4 of the Complaint.

5.  To the extent that Paragraph 5 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies the allegations set forth in Paragraph 5 of the Complaint.

6.  HWI admits Paragraph 6.

7.  HWI admits that Plaintiff was not formally disciplined during his employment with HWI. Except as expressly admitted, HWI denies all allegations set forth in Paragraph 7 of the Complaint.

8.  To the extent that Paragraph 8 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies the allegations set forth in Paragraph 8 of the Complaint.

9(a).  HWI admits that on or about October 15, 2021, Michael Moser was Mr. Fox's immediate supervisor and Vice President of U.S. Retail. HWI further admits that Audrey McKenzie was the manager of the South Coast Plaza salon during this time and Sophie Zhao was a sales associate at that same salon. HWI further admits that Fadi Ghalayini was the Global Vice President, Sales during this time. HWI further admits that Jianhao Li was a client who discussed the purchase of a diamond ring at the South Coast Plaza salon. HWI lacks sufficient information to admit or deny the remaining allegations in Paragraph 9(a) and therefore denies them.

9(b). HWI admits that CiCi Zhang was a sales associate at HWI's Las Vegas salon at this time. HWI lacks sufficient information to admit or deny the remaining allegations in Paragraph 9(b) and therefore denies them.

9(c). HWI admits that, during this time, Dan Mastacciuola was the Vice President, Human Resources for HWI. HWI lacks sufficient information to admit or deny the remaining allegations in Paragraph 9(c) and therefore denies them.

9(d). HWI admits that a discount of 7.36% was finalized at the South Coast Plaza salon. HWI lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 9(d) of the Complaint and therefore denies them.

9(e). To the extent that Paragraph 9(e) states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI admits the Client made a partial payment at the South Coast Plaza salon on or about October 16, 2021. HWI lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 9(e) of the Complaint and therefore denies them.

9(f). HWI admits that Lily Zhang was the manager of the Las Vegas salon during this time. HWI lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 9(f) of the Complaint and therefore denies them.

9(g). HWI lacks sufficient information to admit or deny the allegations set forth in Paragraph 9(g) of the Complaint and therefore denies them.

9(h). To the extent that Paragraph 9(h) states Plaintiff's characterization of his case and legal conclusions, Defendant is not required to respond. To the extent a response is required, HWI admits Paragraph 9(h).

9(i). HWI admits that the Client submitted an Assistance Request on HWI's website on or around November 4, 2021. The request speaks for itself and, except as expressly admitted, HWI denies the remaining allegations set forth in Paragraph 9(i) of the Complaint.

9(j). HWI admits that Mr. Moser was on an administrative leave of absence during November 2021. HWI further admits that Mr. Mastacciuola telephoned Plaintiff on or about November 4, 2021 and that Plaintiff mentioned the work environment was tense. Except as expressly admitted, HWI denies all allegations set forth in Paragraph 9(j) of the Complaint.

9(k). HWI lacks sufficient information to admit or deny the allegations set forth in Paragraph 9(k) of the Complaint and therefore denies them.

9(l). HWI lacks sufficient information to admit or deny the allegations set forth in Paragraph 9(l) of the Complaint and therefore denies them.

9(m). HWI admits that Robert Scott was the CFO at this time. HWI lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 9(m) of the Complaint and therefore denies them.

9(n). HWI lacks sufficient information to admit or deny the allegations set forth in Paragraph 9(n) of the Complaint and therefore denies them.

9(o). HWI admits that Mr. Moser's employment was terminated on or around November 11, 2021. HWI also admits that Mr. Mastacciuola telephoned Plaintiff and told him that he would be reporting to Mr. Ghalayini. Except as expressly admitted, HWI denies all allegations set forth in Paragraph 9(o) of the Complaint.

9(p). To the extent that Paragraph 9(p) states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI lacks sufficient information to admit or deny the allegations set forth in Paragraph 9(p) of the Complaint and therefore denies them.

10(a). HWI admits that Plaintiff was terminated on or around November 15, 2021 and that he received a call from Mr. Mastacciuola and Ms. Cheung that Plaintiff's position was being eliminated. Except as expressly admitted, HWI denies all allegations set forth in Paragraph 10(a) of the Complaint.

10(b).   To the extent that Paragraph 10(b) states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond.  To the extent a response is required, HWI denies the allegations set forth in Paragraph 10(b) of the Complaint.

11.   To the extent that Paragraph 11 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond.  To the extent a response is required, HWI denies the allegations set forth in Paragraph 11 of the Complaint.

12.   To the extent that Paragraph 12 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond.  To the extent a response is required, HWI denies the allegations set forth in Paragraph 12 of the Complaint.

13.   To the extent that Paragraph 13 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond.  To the extent a response is required, the statute speaks for itself and HWI denies all remaining allegations set forth in Paragraph 13 of the Complaint.

14.   To the extent that Paragraph 14 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond.  To the extent a response is required, HWI denies all allegations set forth in Paragraph 14 of the Complaint.

15.   Paragraph 15 is Plaintiff's incorporation of all preceding allegations in the foregoing paragraphs.  HWI incorporates all of its answers to the allegations set forth in the foregoing paragraphs, and each of the subparts thereto.

16.   To the extent that Paragraph 16 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond.  To the extent a response is required, the statute speaks for itself and HWI denies all allegations set forth in Paragraph 16 of the Complaint.

17.   To the extent that Paragraph 17 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond.  To the extent a response is required, HWI lacks knowledge as to what Plaintiff believed.

18. To the extent that Paragraph 18 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies the allegations set forth in Paragraph 18 of the Complaint.

19. To the extent that Paragraph 19 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies the allegations set forth in Paragraph 19 of the Complaint.

20. To the extent that Paragraph 20 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies the allegations set forth in Paragraph 20 of the Complaint.

21. To the extent that Paragraph 21 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies the allegations set forth in Paragraph 21 of the Complaint.

22. To the extent that Paragraph 22 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, the statute speaks for itself and HWI denies all remaining allegations set forth in Paragraph 22 of the Complaint.

23. To the extent that Paragraph 23 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies the allegations set forth in Paragraph 23 of the Complaint.

24. Paragraph 24 is Plaintiff's incorporation of all preceding allegations in the foregoing paragraphs. HWI incorporates all of its answers to the allegations set forth in the foregoing paragraphs, and each of the subparts thereto.

25. To the extent that Paragraph 25 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, the statute speaks for itself and HWI denies all remaining allegations set forth in Paragraph 25 of the Complaint.

26. To the extent that Paragraph 26 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is

1  required, HWI denies that Plaintiff's termination was wrongful and lacks sufficient
2  information to admit or deny the remaining allegations, and therefore denies them.

3  27. To the extent that Paragraph 27 states Plaintiff's characterization of his case
4  and legal conclusions, HWI is not required to respond. To the extent a response is
5  required, HWI denies the allegations set forth in Paragraph 27 of the Complaint.

6  28. To the extent that Paragraph 28 states Plaintiff's characterization of his case
7  and legal conclusions, HWI is not required to respond. To the extent a response is
8  required, HWI denies the allegations set forth in Paragraph 28 of the Complaint.

9  29. To the extent that Paragraph 29 states Plaintiff's characterization of his case
10 and legal conclusions, HWI is not required to respond. To the extent a response is
11 required, the statutes speak for themselves and HWI lacks sufficient information to
12 admit or deny the remaining allegations, and therefore denies them.

13 30. Paragraph 30 is Plaintiff's incorporation of all preceding allegations in the
14 foregoing paragraphs. HWI incorporates all of its answers to the allegations set forth in
15 the foregoing paragraphs, and each of the subparts thereto.

16 31. To the extent that Paragraph 31 states Plaintiff's characterization of his case
17 and legal conclusions, HWI is not required to respond. To the extent a response is
18 required, HWI denies all allegations set forth in Paragraph 31 of the Complaint.

19 32. To the extent that Paragraph 32 states Plaintiff's characterization of his case
20 and legal conclusions, HWI is not required to respond. To the extent a response is
21 required, HWI denies all allegations set forth in Paragraph 32 of the Complaint.

22 33. Paragraph 33 is Plaintiff's incorporation of all preceding allegations in the
23 foregoing paragraphs. HWI incorporates all of its answers to the allegations set forth in
24 the foregoing paragraphs, and each of the subparts thereto.

25 34. To the extent that Paragraph 34 states Plaintiff's characterization of his case
26 and legal conclusions, HWI is not required to respond. To the extent a response is
27 required, HWI denies all allegations set forth in Paragraph 34 of the Complaint.
28

35. To the extent that Paragraph 35 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies all allegations set forth in Paragraph 35 of the Complaint.

36. To the extent that Paragraph 36 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI lacks sufficient information to admit or deny the remaining allegations, and therefore denies them.

37. Paragraph 37 is Plaintiff's incorporation of all preceding allegations in the foregoing paragraphs. HWI incorporates all of its answers to the allegations set forth in the foregoing paragraphs, and each of the subparts thereto.

38. To the extent that Paragraph 38 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies all allegations set forth in Paragraph 38 of the Complaint.

39. To the extent that Paragraph 39 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies all allegations set forth in Paragraph 39 of the Complaint.

40. To the extent that Paragraph 40 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies all allegations set forth in Paragraph 40 of the Complaint.

41. To the extent that Paragraph 41 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, the statute speaks for itself and HWI denies the allegation set forth in Paragraph 41 of the Complaint.

42. Paragraph 42 is Plaintiff's incorporation of all preceding allegations in the foregoing paragraphs. HWI incorporates all of its answers to the allegations set forth in the foregoing paragraphs, and each of the subparts thereto.

43. To the extent that Paragraph 43 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies all allegations set forth in Paragraph 43 of the Complaint.

44. To the extent that Paragraph 44 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies all allegations set forth in Paragraph 44 of the Complaint.

45. To the extent that Paragraph 45 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies that its conduct was extreme and outrageous and lacks sufficient information to admit or deny the remaining allegations, and therefore denies them.

46. To the extent that Paragraph 46 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies that its conduct was extreme and outrageous and HWI lacks sufficient information to admit or deny the remaining allegations, and therefore denies them.

47. To the extent that Paragraph 47 states Plaintiff's characterization of his case and legal conclusions, HWI is not required to respond. To the extent a response is required, HWI denies all allegations set forth in Paragraph 47 of the Complaint.

## PRAYER FOR RELIEF

In answer to the Prayer for Relief, HWI denies that Plaintiff is entitled to any relief described or to any remedy whatsoever against HWI. All allegations of the Complaint not heretofore admitted or denied are hereby denied as though specifically denied herein.

## DEMAND FOR JURY TRIAL

In answer to the Demand for Jury Trial, HWI admits that Plaintiff requests a jury trial in this action.

## SEPARATE AND ADDITIONAL DEFENSES

HWI has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The

defenses asserted herein are based on HWI's knowledge, information, and belief at this time. HWI specifically reserves the right to assert additional affirmative or other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint, HWI asserts and alleges the following separate and additional defenses. By setting forth these defenses, HWI does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

1. As a separate and distinct defense, HWI alleges that the Complaint is barred in whole or in part by the applicable statutes of limitations including, but not limited to, Sections 1102.5 of the California Labor Code.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Laches, Estoppel, Waiver, Failure to Mitigate Damages)**

2. As a separate and distinct defense, HWI alleges that the Complaint is barred, in whole or in part, by the doctrine(s) of laches, estoppel and/or waiver, and/or to the extent that Plaintiff failed to mitigate damages, and/or to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Compliance with Law)**

3. As a separate and distinct defense, HWI alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by HWI's compliance or substantial compliance with all applicable laws underlying Plaintiff's claims.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Reasonable Interpretation of Applicable Law)**

4. As a separate and distinct defense, HWI alleges that it acted in good faith reliance upon the reasonable interpretation of applicable law.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Acts or Omissions of Plaintiff)

5. As a separate and distinct defense, HWI alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Acts or Omissions of Third Parties)

6. As a separate and distinct defense, HWI alleges that all or part of the damages alleged in the Complaint, if they occurred, were caused by the acts and/or omissions of other persons or entities for whose conduct HWI is not legally responsible. Plaintiff's alleged damages, if any, are therefore not recoverable from HWI. In the alternative, any damages which Plaintiff may be entitled to recover against HWI, if any, must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of persons or entities other than HWI.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

7. As a separate and distinct defense, HWI alleges that the Complaint, and each and every purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against HWI.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

8. As a separate and distinct defense, HWI alleges that Plaintiff is barred from relief, in whole or in part, to the extent it results in an unjust enrichment to Plaintiff.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Release)

9. As a separate and distinct defense, HWI alleges that Plaintiff is barred from relief, in whole or in part, to the extent his claims are precluded under the doctrine of release.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

**(Res Judicata and/or Collateral Estoppel)**

10. As a separate and distinct defense, HWI alleges that Plaintiff is barred from relief, in whole or in part, to the extent his claims are precluded under the doctrines of res judicata and/or collateral estoppel.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

**(Judicial Estoppel)**

11. As a separate and distinct defense, HWI alleges that Plaintiff is barred from relief, in whole or in part, to the extent his claims are precluded under the doctrine of judicial estoppel.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

**(No Standing)**

12. As a separate and distinct defense, HWI alleges that Plaintiff has no standing to bring some or all of the claims, which are therefore barred.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Unclean Hands)**

13. As a separate and distinct defense, HWI alleges that Plaintiff is barred from relief, in whole or in part, to the extent his claims are precluded under the doctrine of unclean hands.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Lack of Willful Conduct)**

14. As a separate and distinct defense, HWI alleges that Plaintiff cannot establish that HWI engaged in willful or comparable conduct within the meaning of any applicable state or federal statute.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Non-Discriminatory Reasons)**

15. As a separate and distinct defense, HWI alleges that there existed legitimate, non-retaliatory reasons for the alleged acts of which Plaintiff complains and

therefore Plaintiff's termination and any other actions related to Plaintiff's employment did not violate a fundamental public policy of the state of California.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Non-Discriminatory Reasons; Business Judgment)

16. As a separate and distinct defense, HWI alleges that Plaintiff's claims for retaliation are barred in that at no time did HWI make any employment decisions affecting Plaintiff which were unlawful or discriminatory, or unfair, fraudulent, or likely to mislead, or based on Plaintiff's alleged retaliation for disclosing violations or noncompliance with local and/or state law, or regulation, or which were motivated by an intent to retaliate on any basis, nor did any conduct of HWI result from any employment practice having a retaliatory impact. HWI's actions were lawful and carried out in good faith, based on business reasons unrelated to Plaintiff's alleged disclosure of violations or noncompliance with local and/or state law, or regulation.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Respondeat Superior)

17. As a separate and distinct defense, HWI alleges that Plaintiff's claims are barred to the extent any alleged wrongful acts of HWI's employee(s), including, but not limited to, any alleged violation of law or unlawful retaliation against Plaintiff, were not authorized by HWI, were inconsistent with HWI's policies and practices, were not in furtherance of HWI's business, and were contrary to HWI's good faith efforts to comply with all applicable laws. HWI alleges that any actions inconsistent with the Labor Code as alleged in the Complaint were committed by individuals acting outside the course and scope of employment, and thus HWI may not be held liable for such conduct pursuant to the doctrine of *respondeat superior*.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Punitive Damages)

18. As a separate and distinct defense, HWI alleges that Plaintiff is not entitled to recover punitive or exemplary damages from HWI on the grounds that any award of

punitive or exemplary damages would violate HWI's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Attorneys' Fees)

19. As a separate and distinct defense, HWI alleges that Plaintiffs' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

### PRAYER FOR RELIEF

WHEREFORE, HWI requests that judgment be entered as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That the Complaint and all purported claims alleged therein herein be dismissed with prejudice;

3. That judgment be entered in favor of HWI and against Plaintiff on all claims set forth in the Complaint;

4. That HWI be awarded the costs of suit;

5. That HWI be awarded its attorneys' fees incurred in defense of this action; and

6. That the Court awards HWI such other and further relief as the Court may deem just and proper.

Dated: April 15, 2022							GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Megan M. Lawson*
       Megan M. Lawson

*Attorneys for Defendant*
HARRY WINSTON, INC.

# PROOF OF SERVICE

I, Courtney M. Johnson, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, CA 90071-3197, in said County and State. On April 15, 2022, I served the following document(s):

**DEFENDANT HARRY WINSTON, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties stated below, by the following means of service:

> Jake D. Finkel                                   *Attorneys for Plaintiff*
> Avraham Kalaf
> Eugene Feldman
> LAW OFFICES OF JAKE D. FINKEL, APC
> 3470 Wilshire Blvd., Suite 830
> Los Angeles, CA 90010
> Tel.: 213.787.7411
> Fax: 323.916.0521

☑ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

☑ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2022.

　　　　　　　　　　　　　　　　　　　　*/s/ Courtney M. Johnson*
　　　　　　　　　　　　　　　　　　　　　Courtney M. Johnson

---

16
DEFENDANT HARRY WINSTON, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 8:22-CV-00381-DOC (ADS)